## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12CR210 – ALM |
| | § | |
| ROY ALLEN KEESY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 19, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by William Tatum.

On October 11, 2013, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell in the Eastern District of Texas after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than ten (10) years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of V, was 21 to 27 months. Roy Allen Keesy was subsequently sentenced to 24 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of financial disclosure, testing and treatment for alcohol abuse, sex offender treatment, no unsupervised contact with minors, no possession or viewing of sexually explicit conduct, searches,

and a $100 special assessment.  On April 30, 2014, Roy Allen Keesy completed his period of imprisonment and began services of the supervision term.

On May 13, 2016 the case was reassigned to Honorable Judge Amos Mazzant, U.S. District Judge for the Eastern District of Texas.

On September January 6, 2017, the U.S. Probation Officer executed a Petition for Offender Under Supervision [Dkt. 31 Sealed].  The Petition asserted that Defendant violated three (3) conditions as follows:  1) Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term sexually explicit conduct is ad defined under 18 U.S.C. § 2256(a)(A), and is not limited to the sexual exploitation of children; 2) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and 3) Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. Defendant shall pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts:  1) On July 17, 2015, Defendant completed a maintenance polygraph which showed deception.  Defendant then admitted his former fiancée sent him pictures of her bare breast and his videoing of the two of them engaging in sexual activities. On April 8, 2016, the defendant completed a maintenance polygraph examination with no deception indicated, however, he admitted prior to the polygraph that he viewed adult pornography a few months prior as well as to watching movies that contained nudity. On December 13, 2016, Defendant submitted his two cell phones to the U.S. Probation Office to allow for a forensic search, as another polygraph examination showed deception regarding his

viewing of pornography.    The forensic exam showed the Defendant viewed sexually explicit conduct on his cell phone as follows:

1) October 24, 2016, by going to the website http://tours.badoinkvr.com;

2) October 24, 2016, by going to the website http://go.moartraffic.com;

3) October 24, 2016, by going to the website http://tour.bang.com/18-and-abused;

4) November 9, 2016, by going to the website www.pornhub.com and viewing the video "Asian mother Daughter Gloryhole2.";

5)  December 8, 2016, by going to the website www.localadultpages.com; and

6) Two videos were located on the phone as well showing a man and a woman engaged in sexually explicit conduct. The video appeared to be recorded using the cell phone; (2) On December 13, 2016, the Defendant was asked if pornography or similar material was going to be found on his cell phone during the forensic examination.  Defendant only admitted to searching for "free porn" one time, but he did not open up any pornography. The forensic exam of his cell phone indicates he viewed sexually explicit conduct much more than he stated.  As such, it is alleged he failed to answer truthfully the inquire of the probation officer on December 13, 2016; and 3) During each of the last three polygraph test the Defendant has taken he has eventually admitted to viewing pornography in some form or fashion.  Additionally, the forensic examination of his cell phones showed he searched extensively for those who provide escort services and that he viewed pornography more than he admitted.  Defendant's sex offender treatment therapist stated this conduct is contrary to the treatment program and the Defendant will be terminated from said program unsuccessfully.  As such, it is alleged the Defendant has failed to participate in a sex offender treatment program.

Prior to the Government putting on its case, Defendant entered a plea of true to all allegations. Having considered the Petition and the plea of true to all allegations, the Court finds that Defendant did violate his conditions of supervised release. The Court recommends that his supervised release be revoked.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

<b><u>RECOMMENDATION</u></b>

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months with five (5) years of supervised release to follow subject to the standard conditions of release, plus special conditions as listed in the "Supervised Release Revocation Sentencing Options" provided to the Defendant at hearing.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville, if available.

Dated this the 21st day of January, 2017.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE