IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:12-CR-210 |
| § | |
| ROY ALLEN KEESY, JR. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 17, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Camelia Lopez.

On October 11, 2013, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of twenty-four (24) months imprisonment followed by a five (5) year term of supervised release for the offense of Failure to Register. Defendant began his term of supervision on April 30, 2014. This case was transferred to the Honorable Amos L. Mazzant, III on May 13, 2016. On January 27, 2017, Defendant's term of supervised release was revoked. Defendant was sentenced to seven (7) months imprisonment followed by a five (5) year term of supervised release.

On October 4, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 52). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must answer truthfully the questions asked by the probation officer; (2) Defendant must allow the probation officer to install software on a

computer, cellular telephone, tablet, or any other device that is capable of communicating data via a modem, wireless, or dedicated connection, that is designed to monitor computer activities on any device Defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers Defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations. Defendant will pay any costs related to the monitoring of Defendant's computer or authorized device usage; (3) Defendant must not possess or view any images in any form of media or in live venue that depicts sexually explicit conduct. For the purpose of the special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children. Defendant must provide the probation officer with access to any requested financial information to determine if he purchased, viewed, or possessed sexually explicit material; (4) Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of one hundred eighty (180) days to commence upon release from confinement, and shall observe the rules of that facility; and (5) Defendant must disclose all online account information, including user names and passwords, to the U.S. Probation Office. Defendant must, if requested, provide a list of all software/hardware on Defendant's computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation officer to monitor Defendant's computer or authorized device usage. Defendant must provide the probation officer with access to any requested financial information for the purposes of monitoring Defendant's compliance with the imposed computer access/monitoring conditions.

      The Petition alleges that Defendant committed the following violations: (1) On September

6, 2017, and September 28, 2017, Defendant falsely denied violating Defendant's conditions of supervised release. On October 3, 2017, Defendant admitted to answering questions related to his sex offender conditions untruthfully; (2) On October 3, 2017, while residing at the residential reentry center ("RRC") in Hutchins, Texas, Defendant was found in possession of a cellular telephone. Defendant did not have permission to use the phone and did not have monitoring software installed on that device; (3) On October 3, 2017, Defendant's smart phone was confiscated at the RRC. Defendant's case manager at the RRC advised the probation officer that the Defendant's phone had sexually explicit images. Defendant later admitted to sending images of his genitals to other women and men and receiving images of other people's genitals; (4) On October 4, 2017, the probation officer was advised that Defendant would be evicted from the RRC for not adhering to facility rules by illegally having a cellular phone that contained sexual images and going places other than those approved by Defendant's case manager; and (5) On October 3, 2017, Defendant advised the probation officer that he had four (4) online accounts for the following dating sites: Plenty of Fish, Tender, Grinder, and Meet Me. Defendant never disclosed this information or his usernames and passwords prior to the aforementioned date.

At the hearing, Defendant entered a plea of true to Allegations 1 - 5. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the October 17, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with a term of

five (5) years supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Seagoville, if appropriate.

**SIGNED this 23rd day of October, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE